# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>**106 Parker Street, Bangor, ME 04401** |
| **Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding** | Mortgage:<br>September 8, 2006<br>Book 10622, Page 317 |
| **Defendant** | |

NOW COMES the Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, in which the Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Seven Thousand Eighty-Three and 91/100 ($177,083.91) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, is a resident of Westbrook, County of Cumberland, and State of Maine.

## FACTS

6. On January 13, 2005, by virtue of a Warranty Deed from Robert L. Brayson, which is recorded in the Penobscot County Registry of Deeds in **Book 9716, Page 1,** the property situated at 106 Parker Street, Bangor, County of Penobscot, and State of Maine, was conveyed to Rodney W. Spaulding and Wendy A. Spaulding, being more particularly described by the attached legal description, and further conveyed from Wendy A. Spaulding to Rodney Spaulding via Release Deed, dated August 23, 2006, and recorded on September 13, 2006 at the Penobscot County Registry of Deeds in Book 10622, Page 316. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On September 8, 2006, Rodney W. Spaulding, executed and delivered to WMC Mortgage Corp. a certain Note in the amount of $93,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on September 8, 2006, Rodney W. Spaulding executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp., securing the property located at 106 Parker Street, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10622**, **Page 317**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC4, Asset-Backed Pass-Through Certificates Series 2006-WMC4 by virtue of an Assignment of Mortgage, dated October 20, 2012, and recorded in the Penobscot County Registry of Deeds in **Book 12998**, **Page 342**. *See* Exhibit

D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. Rodney W. Spaulding passed away on January 5, 2016.

11. The Mortgage was further affected by an Order Nunc Pro Tunc from the Penobscot County Superior Court, Docket No. CV-15-69, dated February 5, 2016, and recorded in the Penobscot County Registry of Deeds in **Book 14087, Page 238**. *See* Exhibit E (a true and correct copy of the Order Nunc Pro Tunc is attached hereto and incorporated herein).

12. The Mortgage was further assigned to U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 by virtue of a Quitclaim Assignment, dated March 27, 2018, and recorded in the Penobscot County Registry of Deeds in **Book 14801**, **Page 211**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On June 28, 2018, a Petition for Formal Appointment of Special Administrator, dated June 14, 2018, was filed in the Penobscot County Probate Court, Docket No. 2018-492, for the appointment of Joseph M. Baldacci, Esq. as Special Administrator.

14. On March 20, 2019, an Amended Petition for Formal Appointment of Special Administrator, which sought appointment of Benjamin P. Campo, Jr., Esq., as Special Administrator, was filed in the Penobscot County, and requested withdrawal of the June 14, 2018 Petition, which requested appointment of Joseph M. Baldacci, Esq., as Special Administrator.

15. On July 9, 2019, an Order granting the Request to Withdraw Petition dated June 14, 2018 was entered, and an Order on Appointment of Special Administrator entered on same date,

which appointed Benjamin P. Campo, Jr., Esq. as Special Administrator, and has no personal liability in this matter.

16. On July 17, 2019, the Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

18. The Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. The total debt owed under the Note and Mortgage as of October 24, 2019 is One Hundred Seventy-Seven Thousand Eighty-Three and 91/100 ($177,083.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $87,613.00 |
| Interest | $48,272.38 |
| Escrow Advance | $23,192.36 |
| Recoverable Balance | $17,770.69 |
| Accumulated Late Charges | $235.48 |
| Grand Total | $177,083.91 |

23. Upon information and belief, the Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, is not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

24. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related Mortgage and title located at 106 Parker Street, Bangor, County of Penobscot, and State of Maine. *See* Exhibit A.

26. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement

by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, has the right to foreclosure upon the subject property.

27. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, is presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2012, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note, and has no personal liability in this matter. .

29. The total debt owed under the Note and Mortgage as of October 24, 2019 is One Hundred Seventy-Seven Thousand Eighty-Three and 91/100 ($177,083.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $87,613.00 |
| Interest | $48,272.38 |
| Escrow Advance | $23,192.36 |
| Recoverable Balance | $17,770.69 |
| Accumulated Late Charges | $235.48 |
| Grand Total | $177,083.91 |

30. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Benjamin P. Campo, Jr., Esquire, as Special Administrator of the Estate of Rodney W. Spaulding, on July 17, 2019, evidenced by the Certificate of Mailing. *See* Exhibit G.

## COUNT II – EQUITABLE MORTGAGE

33. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. The intent of Rodney W. Spaulding and the original lender, WMC Mortgage Corp., on September 8, 2006, was to create a mortgage on the property commonly known as and numbered as 106 Parker Street, Bangor, ME 04401.

35. This intent is shown by the execution of a Promissory Note dated September 8, 2006 to WMC Mortgage Corp., in the amount of $93,000.00.

36. The value given at the time of the transaction was $93,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Rodney W. Spaulding, and WMC Mortgage Corp. on the date of the transaction, September 8, 2006, that a mortgage be granted on the subject property.

37. The aforesaid Promissory Note, specifically references 106 Parker Street, Bangor, ME 04401, as the "Property Address."

38. In addition to the aforesaid Promissory Note, Rodney W. Spaulding, executed a Mortgage on September 8, 2006, which particularly referenced exactly the same property address of 106 Parker Street, Bangor, ME 04401, which was referenced on the aforesaid Promissory Note.

39. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230(Me. 2017).

40. This defect is not related to the original execution of the documents, nor the intent of the Rodney W. Spaulding, Benjamin P. Campo, Jr., Special Administrator of the Estate of Rodney W. Spaulding, or WMC Mortgage Corp. but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

41. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *See, Deschaine*, Fn. 2, Fn 4; *Pushard,* Fn 14.

42. It was the intent of Rodney W. Spaulding and WMC Mortgage Corp., at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

43. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, is the owner and holder of the subject Promissory Note.

44. The Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

45. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

46. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

47. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

48. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

49. The Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Rodney W. Spaulding, has no personal liability in this matter.

50. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See*, *Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, upon the expiration of the period of redemption;

c) Find that the Defendant, Benjamin P. Campo, Jr., Special Administrator of the Estate of Rodney W. Spaulding, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property, is in breach of the Note by failing to make payment due as of June 1, 2012, and all subsequent payments;

d) Find that Rodney W. Spaulding entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of Rodney W. Spaulding, and the original lender, WMC Mortgage Corp., on September 8, 2006 to create a mortgage on the property commonly known as and numbered as 106 Parker Street, Bangor, ME 04401.

f) Impose an equitable mortgage upon the property commonly known and numbered as 106 Parker Street, Bangor, ME 04401 for the benefit of the Plaintiff who currently owns the Note and manifested by the intent of the parties when the transaction was initially consummated;

g) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

h) Find that while the Defendant, Benjamin P. Campo, Jr., Special Administrator of the Estate of Rodney W. Spaulding, has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 106 Parker Street, Bangor, ME 04401; and

i) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4,
By its attorneys,

Dated: October 10, 2019

/s/Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com